Ezra Sutton (ES-2189)
**EZRA SUTTON & ASSOCIATES, PA**
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
esutton@ezrasutton.com
Tel: (732) 634-3520
Fax: (732) 634-3511
*Attorneys for Plaintiff*
*Swift-Lite Charcoal USA Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SWIFT-LITE CHARCOAL USA INC.,** a New Jersey corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> **PRIME HOOKAH, INC.**, a New Jersey corporation; **DANI JAJATI**, an individual; **AVI JAJATI**, an individual; and **DOES 1-10**, inclusive, <br><br> *Defendants.* | Civil Action No.: _____ <br><br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

     Plaintiff Swift-Lite Charcoal USA Inc. (hereinafter "Swift-Lite" or "Plaintiff"), by and through its undersigned counsel, hereby brings this action against Defendants Prime Hookah, Inc. ("Prime Hookah"), Dani Jajati, Avi Jajati, and Does 1-10 (collectively hereinafter "Defendants"), and alleges as follows:

1

## INTRODUCTION

1.      This is a civil action for willful trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, unfair competition, as well as unlawful importation of goods bearing infringing and counterfeit marks pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), the Tariff Act, and the common law of the State of New Jersey. As a result of Defendants' willful conduct, Plaintiff seeks injunctive relief, profits, damages, attorneys' fees and costs, and other relief from this Court.

## PARTIES

2.      Swift-Lite is now, and at all times relevant herein was, a corporation organized under the laws of the State of New Jersey, with its principal place of business located in South Amboy, New Jersey.

## The Prime Hookah Defendants.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Prime Hookah is now, and at all times relevant herein was, a New Jersey corporation, with its principal place of business located at 460 Broadway, Bayonne, New Jersey 07002.

4.      Plaintiff is informed and believes, and on that basis alleges, that Defendants Dani Jajati and Avi Jajati (collectively, "the Jajatis"), are, and at all times relevant hereto, were individuals residing in Brooklyn, New York.

5.      Plaintiff is informed and believes, and on that basis alleges, that the Jajatis have been, and continue to be doing, business as Prime Hookah. Attached as Exhibit F is a certificate from the State of New Jersey Department of the Treasury which lists Dani Jajati as the registered agent and officer/director of Prime Hookah, Inc. Also, Plaintiff is further informed and believes,

and on that basis alleges, that the Jajatis are responsible for controlling and directing the activities of Prime Hookah, as well as other businesses, including Avis Glatt Kosher

Market Inc. The Jajatis and Prime Hookah are collectively referred herein as the "Prime Hookah Defendants."

**Doe Allegations**

6.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sue said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained. Plaintiff is informed and believe, and based thereon allege that, each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

7.      Any reference to Defendants shall refer to each named defendant and all DOE defendants, and to each of them.

**Agency**

8.      At all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner, or employee of the other Defendants, successor corporations, successors in interest, or entities and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment at the time of the alleged acts. All Defendants were acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1117 and 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 *et seq.* The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     The Court has personal jurisdiction over Defendants because they have purposefully engaged in using counterfeit trademarks that are identical and/or confusingly similar to Swift-Lite's trademarks in connection with the sale and distribution of charcoal for use with hookah pipe products in the United States. Since Swift-Lite's extensive use and registered trademarks provide constructive notice of Swift-Lite's intellectual property rights and Swift-Lite's location, Defendants knew or should have known that their activities were directed towards New Jersey, and the effect of those activities would be felt in New Jersey.

11.     The Court also has personal jurisdiction over Defendants because they have engaged in business activities in and directed to New Jersey, and have committed tortious acts within the State.

12.     The Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. The Complaint arises out of those commercial activities.

13.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district.

## SWIFT-LITE'S TRADEMARKS

14.     Since 2007, Swift-Lite has advertised, offered for sale, and sold its hookah related charcoal products and other related products throughout the United States. Swift-Lite's hookah related products, including its Swift-Lite charcoal products, have been widely advertised, offered for sale and sold throughout the United States under the trademarks "SWIFT LITE CHARCOAL" (and design), and "SWIFT-LITE CHARCOAL" (and design) (hereinafter the "SWIFT-LITE Trademarks"); under the trademarks "SHISHA-LITE," and "SHISHA-LITE FIVE STARS CHARCOAL TABLETS FOR NARGHILE" (and design) (hereinafter the "SHISHA-LITE Trademarks"); and under the trademarks "EXCELSIOR XL," and "EXCELSIOR XL" (and design) (hereinafter the "EXCELSIOR XL" Trademarks). The SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks have at all relevant times been owned by Swift-Lite or its assignor Swift-Lite Charcoal Company Ltd.

15.     As a result of their exclusive and extensive use, the SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks have acquired enormous value and recognition in the United States and throughout the world. The SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks are well known to the consuming public and trade as identifying and distinguishing Swift-Lite exclusively and uniquely as the source of origin of the high quality hookah related products, including hookah charcoal products to which the marks are applied. The SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks are both inherently distinctive and famous in the hookah industry.

16.     The SWIFT-LITE trademarks registered in the United States Patent and Trademark Office for hookah charcoal, include the following registrations:

| MARK | REGISTRATION NO. | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
|  | 4,090,240 | 01/24/2012 | 34 |
|  | 4,090,241 | 01/24/2012 | 34 |

True and correct copies of above trademark registrations for the SWIFT-LITE trademarks are attached as Exhibit A.

17.     The SHISHA-LITE trademarks registered in the United States Patent and Trademark Office for hookah charcoal, include the following registrations:

| MARK | REGISTRATION NO. | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| **SHISHA-LITE** | 4,090,239 | 01/24/2012 | 34 |
|  **SHISHA-LITE FIVE STARS CHARCOAL TABLETS FOR NARGHILE** | 4,090,242 | 01/24/2012 | 34 |

True and correct copies of above trademark registrations for the SHISHA-LITE trademarks are attached as Exhibit B.

18.     The EXCELSIOR XL trademarks registered in the United States Patent and Trademark Office for hookah charcoal, include the following registrations:

| MARK | REGISTRATION NO. | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| EXCELSIOR XL | 4,074,145 | 12/20/2011 | 34 |
|  | 4,074,152 | 12/20/2011 | 34 |

True and correct copies of above trademark registrations for the EXCELSIOR XL trademarks are attached as Exhibit B1.

18A.   The foregoing registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065. Swift-Lite also owns numerous registrations for trademarks for hookah related goods other than charcoal.

**DEFENDANTS' WRONGFUL ACTIVITIES**

19.     This case is about Defendants' egregious infringement of Swift-Lite's intellectual property rights, and other violations of federal law. It is egregious because Defendants have, without the consent of Swift-Lite, imported, distributed, transported, sold, offered to sell, or assisted in or caused the importation, distribution, transportation, sales, or offer to sell in

interstate commerce of charcoal products bearing unauthorized reproductions, copies, counterfeits and colorable imitations of Swift-Lite's Trademarks (hereinafter "Defendants' Counterfeit Swift-Lite, Shisha-Lite, and Excelsior XL Charcoal"). Defendants' Counterfeit Swift-Lite, Shisha-Lite, and Excelsior XL Charcoal is also of inferior quality.

20.     For example, Defendants' website, https://www.primehookah.com/, currently offers for sale Counterfeit Swift-Lite charcoal products, as shown below:



*See* attached Exhibit C, screenshots from Defendants' website, https://www.primehookah.com/. These charcoal products sold by Defendants are further proven to be counterfeit because Swift-Lite only imports, sells, and distributes 40mm charcoal, and does not import, sell, and/or distribute 33mm charcoal which are also being sold by Defendants, as depicted above.

21.    In addition, Plaintiff recently purchased the following Counterfeit Swift-Lite and Shisha-Lite Charcoal from the Defendant Prime Hookah store located at 460 Broadway, Bayonne, New Jersey 07002:

 



*See* attached Exhibit D, purchase receipt.

22.     In addition, Plaintiff is informed and believes, and on that basis alleges, that the Prime Hookah Defendants sell counterfeit Swift-Lite hookah charcoal products, bearing Plaintiff's SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademark(s), that the Prime Hookah Defendants purchased:

(a)     from Royal Shisha Co., Ltd., located in mainland China;  examples of the counterfeit Swift-Lite hookah charcoal products, bearing Plaintiff's SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademark(s) that Royal Shisha Co., Ltd. sells can be seen on the website,

https://shisha.en.alibaba.com/collection_product/charcoal/12.html?spm=a2700.8304367.costd19dbc.10.35353d75FYv7kv&isGallery=Y , printouts of which have been attached as Exhibit E; and

(b)     from Ningbo Hookah Artware Co., Ltd., located in mainland China; examples of the counterfeit Swift-Lite hookah charcoal products, bearing Plaintiff's SWIFT-LITE,

SHISHA-LITE, and/or EXCELSIOR XL trademark(s) that Ningbo Hookah Artware Co.,

Ltd. sells can be seen on the website,

https://chinahookah.en.alibaba.com/product/350801908-

200127069/Especial_hookah_CC080.html?spm=a2700.8304367.prewdfa4cf.4.209b991b

03lEEd , printouts of which have been attached as Exhibit E1.

23.     In addition, Plaintiff is informed and believes, and on that basis alleges, that in

2017, the Prime Hookah Defendants caused and/or arranged for the transportation of many

imported shipments of counterfeit Swift-Lite hookah charcoal products, bearing Plaintiff's

SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademark(s), including the following:

(a)     At least three (3) shipping containers from Ningbo Hookah Artware Co.,

Ltd. (located in mainland China) totaling approximately 1,718 cartons of "hookah"

products, and believed to be counterfeit Swift-Lite hookah charcoal products, bearing

Plaintiff's SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademark(s) arrived

at the port of Newark, New Jersey on June 28, 2017, on July 25, 2017, and on September

7, 2017. (*See* attached Exhibit E2, Import Customs Records detailing the Prime Hookah

Defendants' shipments as well as container numbers, and bill of lading numbers from

Ningbo Hookah Artware Co., Ltd.)  Plaintiff is informed and believes, and as shown in

attached Exhibit E2, these counterfeit hookah charcoal products were shipped from China

by Ningbo Hookah Artware Co., Ltd. to the port of Newark, New Jersey in the United

States, on behalf of the Prime Hookah Defendants.

(b)     At least two (2) shipping containers from Royal Shisha Co., Ltd. (located

in mainland China) totaling approximately 1,521 cartons of "shisha, shisha parts," and

believed to be counterfeit Swift-Lite hookah charcoal products, bearing Plaintiff's SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademark(s) arrived at the port of Newark, New Jersey on February 28, 2017 and on July 15, 2017. (*See* attached Exhibit E3, Import Customs Records detailing the Prime Hookah Defendants' shipments  as  well as  container  numbers,  and  bill  of  lading  numbers  from  Royal  Shisha  Co.,  Ltd.) Plaintiff is informed and believes, and as shown in attached Exhibit E3, these counterfeit hookah charcoal products were shipped from China by Royal Shisha Co., Ltd. to the port of Newark, New Jersey in the United States, on behalf of the Prime Hookah Defendants.

24.     The acts of the Defendants in importing, distributing, transporting, or assisting in and/or causing the importation, distribution, transportation, and sale and/or offer to sell in interstate commerce of the Counterfeit Swift-Lite, Shisha-Lite, and/or and Excelsior XL Charcoal: (a) are likely to cause confusion and mistake among the consuming public that all such Counterfeit Swift-Lite, Shisha-Lite, and/or and Excelsior XL Charcoal originates with Swift-Lite; (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association between Defendants and Swift-Lite; (c) are likely to cause confusion and mistake among the consuming public that said Swift-Lite, Shisha-Lite, and/or and Excelsior XL Charcoal are being offered to the consuming public with the sponsorship or approval of Swift-Lite; and/or (d) have caused and are likely to cause dilution of the distinctive quality of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

25.     Defendants imported, distributed, transported, sold, offered for sale, or assisted in and/or caused the importation, distribution, transportation, and/or sale or offer for sale of the Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal knowing the Counterfeit

Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal bore counterfeits of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks, or willfully ignored whether the Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal bore counterfeits of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal and, for Defendants to gain, the benefit of the enormous goodwill associated with the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK COUNTERFEITING)

26.     Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

27.     Defendants, without authorization from Swift-Lite, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks in interstate commerce.

28.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal is genuine or authorized Swift-Lite products.

29.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

30.     On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

31.     Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

32.     Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

33.     Defendants' use of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks, without Swift-Lite's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of hookah charcoal and other products bearing counterfeit and infringing SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

34.     On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

35.     Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

36.    Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

37.    Defendants' use of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks, without Swift-Lite's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15U.S.C.§l125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the footwear imported and distributed by Defendants bearing counterfeit and infringing SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

38.    On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

39.    Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)

40.    Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

41.    The SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks are famous and inherently distinctive. Swift-Lite and its predecessors in interest, in connection with the promotion and sale of their products, have used the SWIFT-LITE, SHISHA-LITE, and/or

EXCELSIOR XL trademarks for approximately 10 years on both a national and international basis. As a result of Swift-Lite's extensive and substantial promotion of the SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks, the consuming public and trade have come to associate these SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks uniquely and distinctly with Swift-Lite and its high quality merchandise.

42.     Long after the SWIFT-LITE, SHISHA-LITE, and EXCELSIOR XL trademarks became famous, Defendants, without authority from Swift-Lite, used unauthorized reproductions, counterfeits, copies and colorable imitations of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered trademarks.

43.     As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

44.     On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

45.     Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**(IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES)**

46.     Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

16

47.      Defendants imported Counterfeit Swift-Lite and Shisha-Lite Charcoal bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks in violation of 15 U.S.C. § 1124.

48.      Defendants have materially contributed to the importation of Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

49.      Defendants have realized gains and profits from the importation, or assisting in the importation, of the Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

50.      On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

51.      Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF TARIFF ACT)**

52.      Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

53.      Defendants imported Counterfeit Swift-Lite, Shisha-Lite, and/or Excelsior XL Charcoal bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the

SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks in violation of 19 U.S.C. § 1526(a).

54.     Swift-Lite has filed copies of its federal trademark registrations covering one or more of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks with the Department of Treasury and U.S. Customs.

55.     On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

56.     Such conduct on the part of Defendants has injured Swift-Lite in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Swift-Lite for which Swift-Lite has no adequate remedy at law.

<u>SEVENTH CLAIM FOR RELIEF</u>
<u>(COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)</u>

57.     Swift-Lite repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

58.     Defendants' acts constitute common law trademark infringement and unfair competition under New Jersey State Law, and have created and will continue to create a likelihood of confusion to the irreparable injury of Swift-Lite unless restrained by this Court. Swift-Lite has no adequate remedy at law for this injury.

59.     On information and belief, Defendants acted with full knowledge of Swift-Lite's use of and statutory and common law rights to the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks, and without regard to the likelihood of confusion of the public created by Defendants' activities.

60.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks to the great and irreparable injury of Swift-Lite.

61.     On information and belief, the acts of Defendant Prime Hookah were done with full knowledge of the Jajatis, who directed and controlled such acts.

62.     The foregoing acts of Defendants are causing irreparable injury to Swift-Lite and to its goodwill and reputation, and will continue to both damage Swift-Lite and deceive the public unless enjoined by this Court. Swift-Lite has no adequate remedy at law, injunctive relief is warranted considering the hardships between Swift-Lite and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Swift-Lite demands judgment as follows:

A.     Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them:

1.  From importing, exporting, assisting in the importation or exportation, manufacturing, procuring, distributing, shipping, retailing, selling, offering for sale, marketing, advertising, or trafficking in any merchandise not authorized by Swift-Lite and bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks which are likely to cause confusion, or bearing a design that is of a substantially

similar appearance to the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks listed in this complaint;

2. From passing off, inducing, or enabling others to sell or pass off as authentic products produced by Swift-Lite or otherwise authorized by Swift-Lite, any product not manufactured by Swift-Lite or produced under the control or supervision of Swift-Lite and approved by Swift-Lite, which uses any of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks listed in this complaint;

3. From committing any act calculated to cause purchasers to believe that products from Defendants are those sold under the control and supervision of Swift-Lite, or are sponsored, approved, or guaranteed by Swift-Lite, or are connected with and produced under the control or supervision of Swift-Lite;

B.    Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

C.    Directing Defendants to identify all of its suppliers of any products or merchandise bearing any of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks listed in this complaint.

D.     Directing such other relief as the Court may deem appropriate to prevent any erroneous impression among the trade and/or public that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Swift-Lite or is related to or associated in any way with Swift-Lite's products.

E.     Requiring Defendants to account for and pay to Swift-Lite, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

F.     Awarding Swift-Lite, at its election, statutory damages in the amount of $2,000,000.00 per mark for each type of good in connection with which Defendants used counterfeits of the SWIFT-LITE, SHISHA-LITE, and/or EXCELSIOR XL trademarks.

G.     Awarding Swift-Lite its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

H.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

I.     Awarding Swift-Lite such other and further relief as the Court may deem just and proper.

Dated:  December 19, 2017                Respectfully submitted,

                                         EZRA SUTTON & ASSOCIATES, PA


                                         /s/Ezra Sutton
                                         Ezra Sutton, Esq.
                                         Plaza 9, 900 Route 9
                                         Woodbridge, New Jersey 07095
                                         (732) 634-3520 – telephone
                                         (732) 634-3511 – facsimile
                                         Email: esutton@ezrasutton.com

                                         *Attorneys for Plaintiff*
                                         *Swift-Lite Charcoal USA Inc.*